Ex parte FLOYD McINTOSH.

No. A-11072. July 21, 1948.
(196 P. 2d 542.)

216

Floyd McIntosh, pro se.

Mac Q. Williamson, Attorney General, and Sam H. Lattimore, Asst. Atty. Gen., for respondent, Claude Moore, Warden Oklahoma State Reformatory.

BAREFOOT, P. J. Petitioner, Floyd McIntosh, has filed in this court a petition for writ of habeas corpus seeking his release from the State Reformatory at Granite, Okla., where he is now confined in pursuance of a judgment and sentence sentencing petitioner to serve a term in the State Penitentiary at McAlester, and from which petitioner has been transferred by order of the State Board of Public Affairs to the Oklahoma State Reformatory at Granite.

The petition states:

"(1) To form a basis in fact for claims set forth in this petition, your petitioner cites Article V. Bill of Rights: 'No person shall be held to answer for a capital or other infamous crime unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service, in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb: nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due proc-

ess of law: nor shall private property be taken for public use without just compensation,' and will attempt to lay before the court the fact that the provisions herein contained have been ignored by the State of Oklahoma, and, as a result, he is being deprived of his liberty.

"(2) On July 10, 1939, your petitioner was committed to the Oklahoma State Penitentiary, located in Pittsburg County, McAlester, Oklahoma, on judgment and sentence in case No. 13298, formal sentence being passed by a Court of competent authority, and, judgment and sentence being so designed as to make your petitioner a ward of the Warden of the Oklahoma State Penitentiary at McAlester, Oklahoma for the term of such sentence:

"On December 18, 1941, your petitioner was discharged from legal committment in the Oklahoma State Penitentiary, McAlester, Oklahoma, and was against his will and by force, transported to the Oklahoma State Reformatory, Granite, Oklahoma, and there imprisoned, 'without due process of law.'

"It is the contention of your petitioner that, when he was discharged from custody of court empowered authority, legal custody ceased, and judgment and sentence became null and void, and, that, the present sentence in the Granite Reformatory was imposed by a self-styled and unauthorized group without legal status. In support of this contention, your petitioner refers the court to the recent 'Alvin Neighbors' Habeas Corpus matter, and to the 'due process of law' provision in Article V. Bill of Rights.

"(3) Your petitioner wishes the court to consider that he was not granted the privilege of grand jury consideration: nor was he indicted by such a body in accordance with provision contained in Article V. Bill of Rights.

"Comes now your petitioner and alleges that he is being illegally detained by Claude Moore, Warden of

the Oklahoma State Reformatory, Granite, Oklahoma, and prays that the court will issue order causing Claude Moore, Warden of the State Reformatory, Granite, Oklahoma, to release your petitioner from illegal incarceration and permit him to follow his own pursuit of happiness in his own way."

Rule to show cause was entered and the Attorney General representing the warden at Granite, Honorable Claude Moore, has filed a demurrer to the above petition.

It will be noted that petitioner seeks his discharge by reason of the opinion in the case of Ex parte Neighbors, 85 Okla. Cr. 183, 187 P. 2d 276, 278.

This case was set for hearing on the 9th day of June, 1948, and at this time no one appeared for petitioner. No evidence was introduced to sustain the allegations of the petition. It will be noted that the petition does not allege from what county petitioner was sentenced or the length of term he received. It does not show whether he was a "confirmed criminal, repeat violator" or whether he had received a sentence of life imprisonment, "convicted of first degree manslaughter, assault with intent to kill in a cruel and inhumane manner", or "convicted of first degree rape".

In the Neighbors case it is held that in the above cases it is necessary that defendants serve their sentence at the State Penitentiary at McAlester. In the seventh syllabus of the Neighbors case it is said:

"7. The State Board of Public Affairs may transfer prisoners from the Oklahoma State Reformatory to the Oklahoma State Penitentiary and vice versa in the exercise of its discretion when it is necessary so to do; to separate confirmed and incorrigible criminals from those who do not require the restrictions placed around them that the confirmed criminal requires, but, such trans-

fers are not to be arbitrarily made or made contrary to classifications expressly provided by the Legislature, and where it appears that the transfer of a prisoner has been made contrary to a statutory classification, the State Board of Public Affairs will be directed to return the prisoner to the place of confinement as provided by law."

There is nothing stated in the petition to indicate that the State Board of Public Affairs did not act in conformity with the law in the instant case.

For the reasons above stated, the demurrer to the petition should be sustained. It is so ordered.

JONES and BRETT, JJ., concur.